SIMON SENDERS *vs.* NATHAN WALDMAN *et al.*

JULY 3, 1953.

PRESENT: Flynn, C. J., Capotosto, Baker, Condon and O'Connell, JJ.

O'CONNELL, J.   This action of the case was tried in the superior court before a justice sitting with a jury and resulted in a verdict for the plaintiff in the sum of $200. The defendants thereafter filed a motion for a new trial which was denied, and the case is before us on their exceptions to such decision, to the denial of their motion to direct a verdict for the defendants, to the refusal of the trial justice to charge as requested, to a portion of the charge as given, and to certain evidentiary rulings made during the trial.

The plaintiff's declaration, which contains only one count, specifically states that the instant action is brought under

the express terms and authority of public laws 1951, chapter 2664, sec. 2, which provides as follows: "Every owner who shall obtain possession of any building or part of a building by reason of self-occupancy as defined in section 1 (d) of this act and who does not thereafter occupy said premises shall be liable to any person so giving up possession by eviction or otherwise for all damages sustained by such person thereby in an action of the case." Section 1 (d) refers to the instance "where the owner in good faith requires said premises for occupancy by himself or for any member of his immediate family."

It appears from the evidence that plaintiff was a tenant of the defendants and occupied a certain second-floor tenement located at 7 Goddard street in the city of Providence from July 2, 1946 to November 30, 1950, and that defendants obtained possession of said tenement by reason of a claim of self-occupancy as defined in section 1 (d) of chapter 2664. The record discloses that the certificate of eviction granted by the area rent director was dated August 25, 1950 and was issued on September 6, 1950, and that the tenant moved about November 30, 1950 without resort by the defendants to further action or judicial process. The writ in the instant case is dated May 11, 1951.

The defendants' first exception is to the refusal of the trial justice to direct a verdict in their favor. They contend that the action was brought under a 1951 statute whereas the alleged eviction and violation occurred in 1950. Conceding that this is so, a reference to the statutes discloses that the pertinent and vital part of chapter 2664 was a re-enactment and continuance in substantially the same language of P L. 1950, chap. 2421, which by its terms did not expire until *February 1, 1951*. In these peculiar circumstances defendants were not surprised or misled and their objection is so technical that it should not be permitted to defeat plaintiff's right of action. This exception is overruled.

The defendants' second exception is to the refusal of the

trial justice to grant their motion for a new trial. We have carefully examined the transcript of testimony and the decision of the trial justice on the motion for a new trial. There is nothing in such decision to indicate that he either overlooked or misconceived any material evidence, and we cannot say that he was clearly wrong in denying the motion. This exception is overruled.

The defendants have excepted to a certain portion of the charge of the court as given to the jury. We have carefully examined this charge and we find it to be a fair presentation of the law applicable in the instant case. The court emphasized the question of "good faith," which appears to us to be the controlling question herein, in the following language: "It is a question of good faith all the way. It must be in the beginning and it must be reflected back from the end to the beginning. We judge a person's intention by what he says and how he acts. If he sought possession in good faith, he had a right to under the law. You can consider whether or not *within a reasonable time* he moved into those premises, and if he didn't move in, whether or not there was a good, justifiable and reasonable excuse." (italics ours) This language contained a correct statement of the law applicable to the evidence and to the question of good faith which, as indicated above, was the controlling issue to be determined by the jury. In our opinion the charge as given did not confuse or mislead the jury, and this exception is overruled.

We have carefully examined the remaining exceptions to the refusal of the court to charge the jury as requested and to certain evidentiary rulings made during the trial and we find them to be without merit. They are therefore overruled.

All of the defendants' exceptions are overruled, and the case is remitted to the superior court for entry of judgment on the verdict.

*George C. Berk,* for plaintiff.
*Israel Moses,* for defendants.